UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HECTOR RODRIGUEZ,

Plaintiff,

v.  Case No: 8:23-cv-1186-KKM-AEP

SHARELL M. NEAL, MTS TRANSPORT, LLC, and PROGRESSIVE AMERICAN INSURANCE COMPANY,

Defendants.
_____

## ORDER

Hector Rodriguez sued Sharell M. Neal, MTS Transport, LLC, and Progressive American Insurance Company in Florida court. Am. Compl. (Doc. 1-1). Neal and MTS Transport then removed this action. Notice of Removal (Doc. 1). However, because the notice of removal fails to explain why this Court has diversity jurisdiction, Neal and MTS Transport must show cause why this case should not be remanded for lack of subject-matter jurisdiction.

Neal and MTS Transport argue that this Court has subject-matter jurisdiction over this action under 28 U.S.C. § 1332. Notice of Removal at 1. As the removing Parties, Neal and MTS Transport bear the burden of proving that this Court has subject-matter

jurisdiction. *Mack v. USAA Cas. Ins. Co.*, 994 F.3d 1353, 1356 (11th Cir. 2021). To demonstrate that this Court has subject-matter jurisdiction under § 1332, Neal and MTS Transport must prove that the Plaintiff and the Defendants are completely diverse, and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a); *Gold-Fogel v. Fogel*, 16 F.4th 790, 799 n.10 (11th Cir. 2021). The notice of removal fails to prove both complete diversity and that the amount in controversy exceeds $75,000.

First, Neal and MTS Transport do not prove that the parties are completely diverse. In his amended complaint, Rodriguez alleges that he and Neal both reside in Hernando County, Florida. Am. Compl. ¶¶ 3–4. Conversely, Neal and MTS Transport, claim that Neal is domiciled in Washington. Notice of Removal ¶ 4. Yet Neal and MTS Transport never provide any explanation or evidence proving that Neal is domiciled in Washington. *See id.* As the removing parties, Neal and MTS must prove that Neal is a domiciliary of Washington according to the standard articulated in *McCormick v. Aderholt*, 293 F.3d 1254, 1257–58 (11th Cir. 2002).

Neal and MTS Transport also fail to explain why this action satisfies the amount-in-controversy requirement under § 1332. The notice of removal claims that the amount in controversy exceeds $75,000, Notice of Removal ¶ 5, and includes a sworn statement from Neal's and MTS Transport's counsel. *Id.* at 6–9. The statement admits that Rodriguez seeks "damages pertaining to past medical expenses of *indeterminate* amount;

2

future medical treatment of an *indeterminate* amount; loss of income and the ability to earn income; and non-economic damages including but not limited to pain and suffering." *Id.* at 7 (emphasis added). In the statement, defense counsel relies primarily on his "experience with lawsuits where similar claims are made." *Id.* Also, the statement says that "the insurance policy for MTS Transport LLC includes a combined single limit of $1,000,000.00, and Rodriguez has sued his own insurance company, Progressive, for underinsured motorist coverage. Thus, it is apparent Rodriguez will be seeking in excess of the $1,000,000.00 insurance policy." *Id.*

Counsel's prior experience with similar lawsuits does not redeem the fact that the sworn statement is based entirely on counsel's estimation regarding the amount-in-controversy. *See Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002) (holding that "unsupported assumptions" are "inadequate" to prove that the amount in controversy exceeds $75,000). To prove by a preponderance of the evidence that the amount in controversy exceeds $75,000, Neal and MTS Transport must submit evidence, such as medical bills, substantiating that the amount-in-controversy exceeds $75,000. *See Leonard*, 279 F.3d at 972–74; *Hughey v. Wal-Mart Stores East, LP*, 8:22-cv-278-SDM-SPF (M.D. Fla. May 25, 2022) (Doc. 15) (Merryday, J.) (remanding an action to Florida court because the Defendant failed to present evidence substantiating that the amount in controversy exceeded $75,000). Additionally, that Rodriguez is suing Progressive for

3

underinsured motorist coverage does not necessarily mean that Rodriguez is suing MTS Transport for more than $1,000,000. Florida's underinsured-motorist-coverage statute applies when a "settlement would not fully satisfy the claim for personal injuries . . . so as to create an underinsured motorist claim." Fla. Stat. § 627.727(6)(a). Thus, § 627.727(6)(a) could be implicated in a scenario where Rodriguez sought less than $75,000 in damages and settled his claim with MTS Transport for an amount that "would not fully satisfy the claim for personal injuries." *Id.*

Accordingly, Neal and MTS Transport are **ORDERED** to show cause, **no later than June 7, 2023,** and in a brief no longer than ten pages, why this Court has subject-matter jurisdiction under 28 U.S.C. § 1332.

**ORDERED** in Tampa, Florida, on May 31, 2023.

_Kathryn Kimball Mizelle_
Kathryn Kimball Mizelle
United States District Judge

4